IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

John F. Johnson,              :

          Plaintiff,          :

     v.                       :        Case No. 2:13-cv-0105

Commissioner of Social        :        JUDGE MICHAEL H. WATSON
     Security,                         Magistrate Judge Kemp
                              :
          Defendant.

REPORT AND RECOMMENDATION

## I.  Introduction

     Plaintiff, John F. Johnson, filed this action seeking review of a decision of the Commissioner of Social Security denying his applications for disability insurance benefits and supplemental security income.  On February 7, 2014, this Court sustained his statement of errors and remanded the case to the Commissioner for further proceedings.  Doc. 19.  The parties then entered into a stipulation for a fee award under the Equal Access to Justice Act, 28 U.S.C. §2412, and the Court awarded Plaintiff the sum of $5,000.00 in attorneys' fees.  Doc. 22.

     On June 2, 2015, Plaintiff moved for an additional award of fees under 42 U.S.C. §405(b).  The Commissioner filed a response indicating that there is no opposition to the fee request.  Plaintiff seeks payment of fees in the amount of $13,599.50 for 30 hours of work performed in this Court, to be offset by a refund of the prior EAJA fee award.  The effective hourly rate, should the Court grant the motion, would be $286.65.

## II.  Legal Standard

     The standards for reviewing a petition for attorneys' fees under 42 U.S.C. §406(b) are set forth in some detail in the Sixth Circuit's decisions of Rodriquez v. Bowen, 865 F.2d 739 (6th Cir.

1989) (en banc), and Hayes v. Secretary of HHS, 923 F.2d 418 (6th Cir. 1991). Rodriquez stands for the proposition that an award in the amount of twenty-five percent of the past due benefits is presumptively appropriate so long as it is derived from a contingent fee contract between counsel and the claimant permitting that amount to be charged. Hayes concluded that "[a] calculation of a hypothetical hourly rate that is twice the standard rate is a starting point for conducting the Rodriquez analysis," 923 F.2d at 422, noting that a fee in the amount of twice the standard hourly rate is per se reasonable and establishes a floor for awarding of attorneys' fees below which the District Court may not ordinarily drop on grounds that counsel is receiving a windfall from an award in excess of his or her usual hourly rate.

This is not to say that attorneys' fees petitions can never be scrutinized or discounted by the District Court. Both Rodriquez and Hayes make clear that the District Court can reduce a fee request, especially one which asks for more than twice the normal hourly rate, if a disproportionate amount of the lawyer's time charged is for services ordinarily performed by clerical or paralegal staff; if the case is not particularly difficult or complex; if there was some improper or ineffective action taken by counsel during the course of the case; or if the fee was not truly contingent, as in the situation where no fee agreement is signed until after the benefits award has already been made. See, e.g., Damron v. Commissioner of Social Security, 104 F.3d 853, 856 (6th Cir. 1997). Also, even in a case where the government has filed no response to the fee petition, "[d]espite the absence of an objection . . . a District Court must review each case to determine the amount of a reasonable fee, and clearly state the basis for its determination." Lanham v. Secretary of HHS, 145 F.R.D. 409, 410 (E.D. Mich. 1992). Finally, in a case where the District Court awards benefits, any fee award must be limited to twenty-five percent of the benefits

-2-

which accrued up to the date three months after the case became ripe for decision.  <u>Dearing v. Secretary of HHS</u>, 815 F.2d 1082 (6th Cir. 1987).

Here, there is a contingent fee agreement in place which authorizes payment of the fee requested.  Further, counsel has provided an affidavit indicating that his normal hourly rate in non-contingent fee cases is at least $300.00.  He has thirty years of experience litigating social security cases. Considering all of the relevant factors, the Court agrees with the Commissioner that the requested award is reasonable and should be made.

III.  <u>Recommended Decision</u>

Based on the above discussion, it is recommended that Plaintiff's motion for a fee award under 42 U.S.C. §406(b) (Doc. 23) be granted and that Plaintiff's counsel be awarded fees in the amount of $13,599.50, with the provision that upon payment of the fee, counsel refund the EAJA fee amount of $5,000.00 to Plaintiff.

IV.  <u>Procedure on Objections</u>

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a <u>de novo</u> determination of those portions  of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a

-3-

waiver of the right to have the district judge review the Report and Recommendation <u>de novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  <u>See Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981).


<u>/s/ Terence P. Kemp</u>
United States Magistrate Judge